1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11    DAVID J. COTA, CDCR #C-26012,     )   Case No. 09cv2507-BEN (BLM)
                                        )
12                   Plaintiff,         )   **ORDER DENYING MOTION FOR**
      v.                                )   **APPOINTMENT OF COUNSEL**
13                                      )
      L.E. SCRIBNER, et al.,            )   [Doc. No. 31]
14                                      )
                     Defendants.        )
15                                      )
      _____ )

16

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

On May 24, 2010, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, moved this Court to appoint counsel. Doc. No. 31. In support of his motion, Plaintiff states that he is "a poor person and does not possess sufficient means to employ the services of legal counsel." <u>Id.</u> Plaintiff further states that he is "relying upon another prisoner to help litigate this action because [Plaintiff] is a layman, unskilled in law and does not possess the legal knowledge and skill which is imperative to litigate this action." <u>Id.</u> For the following reasons, Plaintiff's motion is **DENIED**.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. <u>Lassiter v. Dep't of Soc. Servs.</u>, 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." <u>Agyeman v. Corr. Corp. of Am.</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted numerous pleadings and motions without the assistance of counsel. In addition to the instant motion, he has submitted a complaint (Doc. No. 1), a motion to proceed *in forma pauperis* (Doc. No. 2), a previous motion to appoint counsel (Doc. No. 3), a motion to correct defendant's last name (Doc. No. 8), a motion for extension of time to file an opposition (Doc. No. 24), and a motion for leave to file excess pages (Doc. No. 28). ///

09cv2507-BEN (BLM)

1    From the Court's review of these documents, it is clear that

2  Plaintiff is able to articulate the claims of his case. The Court

3  previously denied Plaintiff's request for counsel, see Doc. Nos. 3 & 5,

4  and Plaintiff's current request does not provide any new facts

5  justifying such an extraordinary remedy. Further, Plaintiff does not

6  demonstrate a likelihood of success on the merits such that his case

7  should be classified as an "exceptional circumstance." Agyeman, 390

8  F.3d at 1103; see also Wilborn, 789 F.2d at 1331. Because Plaintiff has

9  not alleged the requisite "exceptional circumstances" at this time, the

10 Court therefore **DENIES** without prejudice Plaintiff's request for

11 appointment of counsel.

12    **IT IS SO ORDERED.**

13

14 DATED:  May 26, 2010

15

16                              BARBARA L. MAJOR
                                United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

3                                              09cv2507-BEN (BLM)