

FILED

'11 FEB 14 PM 3: 29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA, CDCR # C-26012,<br><br>                     Plaintiff,<br>vs.<br><br>L.E. SCRIBNER, et al.,<br><br>                     Defendants. | CASE NO. 09cv2507 BEN (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff David J. Cota, a state prisoner proceeding pro se brought this action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On March 5, 2010, Defendants filed a motion to dismiss Plaintiff's Complaint. Dkt. No. 20. Plaintiff opposed the motion. Dkt. No. 34. On November 10, 2010, the Honorable Magistrate Judge Barbara L. Major issued a Report and Recommendation, recommending that the Court grant in part and deny in part Defendants' motion to dismiss. Dkt. No. 35. On December 8, 2010, in the absence of any objections from Plaintiff, this Court adopted the Report and Recommendation. Dkt. No. 36. On December 10, 2010, Plaintiff filed and this Court accepted Plaintiff's Objections. Dkt. Nos. 38-39. Defendants have filed a Reply to those Objections. Dkt No. 41. Having conducted a de novo review of those issues to which Plaintiff objects, the Court vacates its prior order adopting the Report and Recommendation and **ADOPTS** in its entirety the well-reasoned Report and Recommendation of the Magistrate Judge over Plaintiff's objections. Defendants' motion to dismiss is **GRANTED in part and DENIED in part.**

## DISCUSSION

The Court need only conduct a de novo review of those issues to which Plaintiff objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert denied*, 540 U.S. 900 (2003) ("[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Plaintiff objects to three aspects of the Report: (1) Dismissal of Plaintiff's First Amendment Free Association claim without leave to amend; (2) Dismissal of Plaintiff's Equal Protection claim with leave to amend as to Defendant Bishop; and (3) certain language in the Report denying Defendants' motion to dismiss Plaintiff's due process claim.

### I.   Plaintiff's Free Association Claim

Plaintiff objects to the recommendation that his First Amendment Free Association claim be dismissed without leave to amend. Plaintiff asserts that prison officials should not be allowed to place him in the segregated housing unit (SHU) on the basis of a coded address book, a drawing of a gang symbol among his possessions, and his association with known gang members. However, the Report correctly concludes that given the unique dangers presented by prison gangs, courts are loath to find that inmate gang validation regulations do not bear a reasonable relation to a valid penological interest. *Stewart v. Alameida*, 418 F. Supp. 2d 1154, 1161 (N.D. Cal. 2006). Plaintiff takes issue with *Stewart*, but this Court agrees that "there is a valid, rational connection between institutional security and regulations designed to isolate threats before their potential is realized." *Id.* at 1163. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report over Plaintiff's objection. Plaintiff's First Amendment Free Association claim is **DISMISSED without leave to amend.**

///

///

///

## II. Plaintiff's Equal Protection Claim as to Defendant Bishop

Plaintiff objects to the recommendation that his Equal Protection claim be dismissed with leave to amend as to Defendant Bishop. Plaintiff emphasizes that Defendant Bishop authored a false report to validate Plaintiff as a gang member. Defendants note in their Reply that according to the allegations of Plaintiff's Complaint, he was transferred before Defendant Bishop allegedly filed the report. Plaintiff has not sufficiently plead a connection between the offending conduct and Defendant Bishop. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report over Plaintiff's objection. Plaintiff's Equal Protection claim is **DISMISSED** with leave to amend as to Defendant Bishop.[1]

## III. Language Addressing Plaintiff's Due Process Claim

Plaintiff objects to the Magistrate Judge's "findings regarding [his] Due Process claim — specifically the denial of employee assistance and witnesses." Presumably, Plaintiff is in agreement with the Magistrate Judge's conclusion that he sufficiently plead his Due Process claim and simply takes issue with the way she reaches that conclusion. The Court, however, agrees with the Magistrate Judge's findings on this claim and **ADOPTS** it over Plaintiff's objection.

## CONCLUSION

The Court **ADOPTS** the Report and Recommendation in its entirety over Plaintiff's objections and **GRANTS in part and DENIES in part** Defendants' motion to dismiss. Plaintiff may amend his Complaint in accordance with the Report and Recommendation on or before **March 8, 2011.**

**IT IS SO ORDERED.**

DATED: February 4, 2011

Hon. Roger T. Benitez
United States District Court

---

[1] Plaintiff's Equal Protection claim is also dismissed with leave to amend at to the other Defendants, except Defendant Scribner. These Defendants are not addressed here because Plaintiff has not objected to their dismissal.