UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA, CDCR #C-26012,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br><br>L.E. SCRIBNER, et al.,<br><br>　　　　　　Defendants. | Case No. 09cv2507-AJB (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR EXTENSION OF TIME**<br>**[ECF No. 43];**<br><br>**(2) GRANTING MOTION FOR ORDER TO FILE AMENDED COMPLAINT**<br>**[ECF No. 46];**<br><br>**AND**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br>**[ECF No. 47]** |

On March 10, 2011, Plaintiff filed a Motion for Extension of Time. ECF No. 43. In support, Plaintiff states that he submitted his amended complaint to the Pelican Bay State Prison law library staff on March 1, 2011 to copy and mail the document to the Court. Id. at 1. On March 6, 2011, Plaintiff inquired about the status of his complaint, and on March 7, 2011, one day before it was due (see ECF No. 42), Plaintiff learned that the library staff had forwarded the complaint to the Facility Captain for review because the document exceeded 100 pages. ECF No.

43 at 1. Accordingly, Plaintiff requested a 20-day extension of the March 8, 2011 deadline in order to give prison officials time to review his amended complaint. Id. at 2. Plaintiff also requested that the Court issue an order directing prison officials to copy and mail the amended complaint if the Court does not receive the complaint by March 28, 2011. Id. However, on March 22, 2011, Plaintiff filed a Motion for Purposed [sic] Order, in which he seeks a Court order directing the relevant prison staff to immediately process his amended complaint. ECF No. 46. In support, Plaintiff states that on March 10, 2011, he received a memorandum from the Facility Captain denying his request to photocopy his amended complaint. Id. at 2, Ex. C. Plaintiff contends that prison officials are contravening Judge Benitez's Order, which required Plaintiff to file his amended complaint by or before March 8, 2011 (ECF No. 42), and obstructing Plaintiff's access to the Court. ECF No. 46 at 2. In denying Plaintiff's photocopy request, the Facility Captain cited a prison regulation that states: "In no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication." ECF No. 46, Ex. C. The Facility Captain stressed that the court order allowing Plaintiff to amend his complaint is insufficient to justify copying his 126 page amended complaint because "it does not say anything about how much must be included in the amendment." Id.

Plaintiff does not specify whether his amended complaint consists largely of exhibits, but his original complaint was 35 pages in length with an additional 95 pages of exhibits. ECF No. 1. Given the length of Plaintiff's original complaint and his remaining causes of action[1], the Court will allow Plaintiff to file an amended complaint that is 35 pages or less with exhibits that total 95 pages or less. Accordingly, the Court **GRANTS** Plaintiff's motion directing the Pelican Bay prison staff to file Plaintiff's amended complaint at its current length, so long as the body of the

---

[1] In his initial complaint, Plaintiff asserted claims under the First Amendment, Eighth Amendment, and Fourteenth Amendment, as well as separate conspiracy claims. ECF No. 1. Defendants filed a motion to dismiss Plaintiff's complaint, and this Court subsequently issued a Report and Recommendation for an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF Nos. 20 & 35. The Honorable Judge Benitez adopted this Court's Report and Recommendation in its entirety. ECF No. 42. As a result of Judge Benitez's Order, Plaintiff's First Amendment retaliation claim, his Fourteenth Amendment due process claim, his Fourteenth Amendment equal protection claim against Defendant Scribner, and his conspiracy claim all survived. ECF Nos. 35 & 42. Plaintiff's First Amendment freedom of association claim was dismissed without leave to amend, but Plaintiff was granted leave to amend his Eighth Amendment claim, as well as his Fourteenth Amendment equal protection claim against Defendants Bishop, Crabtree, Duarte, Stratton, and Tamayo. ECF Nos. 35 & 42.

complaint constitutes no more than 35 pages and the additional exhibits constitute no more than 95 pages.  The Court also **GRANTS** Plaintiff's Motion for Extension of Time to file his amended complaint.  Plaintiff may amend his complaint in accordance with this Order, this Court's Report and Recommendation (ECF No. 35), and Judge Benitez's Order (ECF No. 42) on or before **April 19, 2011**.

On March 25, 2011, Plaintiff also filed a motion to appoint counsel.  ECF No. 47.  In support, Plaintiff states that he is receiving assistance from a fellow prisoner because Plaintiff has "no experience in legal knowledge and/or skills to litigate this case." Id.  Plaintiff further asserts that the prisoner who is assisting him possesses only "limited legal knowledge and/or skills to litigate this case." Id.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted numerous pleadings and motions without the assistance of counsel.  In addition to the three motions addressed in this Order, Plaintiff has submitted a lengthy complaint (ECF No. 1), a successful motion to proceed *in forma pauperis* (ECF No. 2), two previous motions to appoint counsel (ECF Nos. 3 & 31), a motion to correct a defendant's last name (ECF No. 8), a motion for extension of time to file an opposition (ECF No. 24), a motion for leave to file excess pages (ECF No. 28), an opposition to a motion to dismiss (ECF No. 34), and an objection to this Court's Report and Recommendation (ECF No. 39).

From the Court's review of these documents, it is apparent that Plaintiff has a sufficient grasp of his case and the issues involved, and he is able to adequately articulate the factual and legal basis of his claims.  The Court denied Plaintiff's previous requests for counsel (see ECF Nos.

5 & 32), and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel. See, e.g., Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.

**IT IS SO ORDERED.**

DATED: March 28, 2011

_Barbara L. Major_
BARBARA L. MAJOR
United States Magistrate Judge