UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>L.E. SCRIBNER, et al.,<br><br>　　　　　　Defendants. | Civil No. 09cv2507-AJB (BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION [DOC. 55]; GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 51]; AND ISSUING CERTIFICATE OF APPEALABILITY |

　　　　On November 6, 2009, Plaintiff David J. Cota, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights suit against the warden at Calipatria State Prison, L.E. Scribner, and five officers, R. Bishop, J. Crabtree, E. Duarte, G. Stratton, and M. Tamayo, under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff asserted claims under the First Amendment, Eighth Amendment, and Fourteenth Amendment, as well as a separate conspiracy claim. (*Id.* at 16-32.) Defendants filed a motion to dismiss (Doc. No. 20) and Plaintiff opposed the motion (Doc. No. 34). On November 10, 2010, this Court issued a Report and Recommendation for an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. (Doc. No. 35.) On December 8, 2010, Judge Benitez, noting a lack of any written objections to the Report and Recommendation, issued an Order Adopting the Report and Recommendation in its entirety. (Doc. No. 36.) Plaintiff, however, filed Objections to the Report and Recommendation on December 10, 2010 (Doc. No. 39), prompting Judge Benitez to allow Defendants to file a reply (Doc. No. 40), which they did (Doc. No. 41). On

February 14, 2011, Judge Benitez issued an Order Adopting the Report and Recommendation in its entirety over Plaintiff's objections, thereby granting in part and denying in part Defendants' motion to dismiss. (Doc. No. 42.) Plaintiff was granted leave to amend his Eighth Amendment Claim, as well as his Fourteenth Amendment equal protection claim against Defendants Bishop, Crabtree, Duarte, Stratton, and Tamayo. (Doc. No. 35 at 27; Doc. No. 42 at 2-3.) Plaintiff's First Amendment freedom of association claim was dismissed without leave to amend, but all of Plaintiff's other claims survived. (Doc. No. 35 at 27; Doc. No.42 at 2-3.)

On March 30, 2011, Plaintiff filed a First Amended Complaint ("FAC") re-alleging all of the claims asserted in his original complaint, except the First Amendment freedom of association claim. (Doc. No. 50.) On April 12, 2011, Defendants filed a motion to dismiss the Eighth Amendment claim and the Fourteenth Amendment equal protection claim against Defendants Bishop, Crabtree, Duarte, Stratton, and Tamayo ("Defs.' Mem."). (Doc. No. 51.) Plaintiff opposed the motion ("Pl.'s Opp'n") (Doc. No. 53), and Defendants filed a reply ("Defs.' Reply") (Doc. No. 54). On June 27, 2011, Magistrate Judge Barbara Lynn Major issued a Report and Recommendation ("R&R") recommending that this Court (1) approve and adopt the R&R, and (2) grant Defendants' Motion to Dismiss. (Doc. No. 55.) On July 14, 2011, Plaintiff filed an Objection to the R&R (Doc. No. 56), which this Court has considered before issuing this order.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005).

1    In his Objection to the R&R, Plaintiff has reiterated his reasons against the dismissal of his First
2 Amendment claim, freedom of association, contained in his first Objections to R&R. (Doc. No. 39.)
3 However, in the R&R, Magistrate Judge Major explained that, "by not granting Plaintiff leave to amend
4 his freedom of association claim, Judge Benitez's Order dismissed Plaintiff's freedom of association
5 claim with prejudice." (Doc. No. 55.) As a result, any attempt by Plaintiff to resuscitate his First
6 Amendment claim in his FAC is futile.

7    Second, Plaintiff has objected to the dismissal of his Eight Amendment claim based on the
8 reasons stated in his Opposition to Motion to Dismiss, Doc. No. 53. However, Magistrate Judge Majors
9 disregards the cases on which Plaintiff relies, *Wilkinson v. Austin*, 545 U.S. 209 (2005), *Guizar v.*
10 *Woodford*, 282 Fed. Appx. 551 (9th Cir.2008); and *Snyder v. Archie* (unpublished opinion, filed Feb.2,
11 1998 (N.D. Cal)), as unauthoritative and pertaining instead to the Due Process clause of the Fourteenth
12 Amendment. The Court agrees with this finding. Plaintiff's argument that false accusations against him
13 amount to "cruel and unusual punishment" is without merit because, as the R&R clarifies, they do not
14 pertain to his conditions of confinement. (Doc. No. 55 at 11.)

15    Because Plaintiff has not sought to amend his Fourteenth Amendment claim against Defendants
16 Crabtree, Duarte, Stratton, Bishop, and Tamayo, this Court will not address the validity of such claim
17 here.

18    After this Court has reviewed the R&R, it finds it to be correct, and ADOPTS it in full. Defen-
19 dants' motion to dismiss is GRANTED. The Court issues a Certificate of Appealability.

20    IT IS SO ORDERED.

22 DATED: October 14, 2011

23                                    _____
                                      Hon. Anthony J. Battaglia
24                                    U.S. District Judge