UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA, | ) Civil No. 09cv2507-AJB (BLM) |
| Plaintiff, | ) ORDER AMENDING PRIOR ORDER |
| v. | ) ADOPTING REPORT AND |
| | ) RECOMMENDATION AND GRANTING |
| L.E. SCRIBNER, et al., | ) DEFENDANTS' MOTION TO DISMISS |
| Defendants. | ) [Doc. 59] |

The Court hereby amends its October 17, 2011 Order Adopting the Report and Recommendation and Granting the Defendants' Motion to Dismiss. (Doc. 59.) In that Order, the Court issued a Certificate of Appealability (COA). However, the COA is improper at this time because there are surviving claims that remain pending in this action.[1] The Court therefore amends its Order to remove the issuance of the COA. The Court also notes that Defendants need to file answers to any surviving claims that pertain to them and must do so by November 28, 2011. The remainder of the Order remains unchanged and appears below.

///

On November 6, 2009, Plaintiff David J. Cota, a state prisoner proceeding pro se and in

---

[1] The surviving claims include First Amendment retaliation, Fourteenth Amendment equal protection (only as to Defendant Scribner), Fourteenth Amendment due process (as to all Defendants), and Conspiracy.

forma pauperis, filed this civil rights suit against the warden at Calipatria State Prison, L.E. Scribner, and five officers, R. Bishop, J. Crabtree, E. Duarte, G. Stratton, and M. Tamayo, under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff asserted claims under the First Amendment, Eighth Amendment, and Fourteenth Amendment, as well as a separate conspiracy claim. (*Id.* at 16-32.) Defendants filed a motion to dismiss (Doc. No. 20) and Plaintiff opposed the motion (Doc. No. 34). On November 10, 2010, this Court issued a Report and Recommendation for an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. (Doc. No. 35.) On December 8, 2010, Judge Benitez, noting a lack of any written objections to the Report and Recommendation, issued an Order Adopting the Report and Recommendation in its entirety. (Doc. No. 36.) Plaintiff, however, filed Objections to the Report and Recommendation on December 10, 2010 (Doc. No. 39), prompting Judge Benitez to allow Defendants to file a reply (Doc. No. 40), which they did (Doc. No. 41). On February 14, 2011, Judge Benitez issued an Order Adopting the Report and Recommendation in its entirety over Plaintiff's objections, thereby granting in part and denying in part Defendants' motion to dismiss. (Doc. No. 42.) Plaintiff was granted leave to amend his Eighth Amendment Claim, as well as his Fourteenth Amendment equal protection claim against Defendants Bishop, Crabtree, Duarte, Stratton, and Tamayo. (Doc. No. 35 at 27; Doc. No. 42 at 2-3.) Plaintiff's First Amendment freedom of association claim was dismissed without leave to amend, but all of Plaintiff's other claims survived. (Doc. No. 35 at 27; Doc. No.42 at 2-3.)

On March 30, 2011, Plaintiff filed a First Amended Complaint ("FAC") re-alleging all of the claims asserted in his original complaint, except the First Amendment freedom of association claim. (Doc. No. 50.) On April 12, 2011, Defendants filed a motion to dismiss the Eighth Amendment claim and the Fourteenth Amendment equal protection claim against Defendants Bishop, Crabtree, Duarte, Stratton, and Tamayo ("Defs.' Mem."). (Doc. No. 51.) Plaintiff opposed the motion ("Pl.'s Opp'n") (Doc. No. 53), and Defendants filed a reply ("Defs.' Reply") (Doc. No. 54). On June 27, 2011, Magistrate Judge Barbara Lynn Major issued a Report and Recommendation ("R&R") recommending that this Court (1) approve and adopt the R&R, and (2) grant Defendants' Motion to Dismiss. (Doc. No. 55.) On July 14, 2011, Plaintiff filed an Objection to the R&R (Doc. No. 56), which this Court has considered before issuing this order.

1  A district court has jurisdiction to review a Magistrate Judge's report and recommendation on
2 dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the
3 magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept,
4 reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."
5 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written
6 objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The
7 statute makes it clear that the district judge must review the magistrate judge's findings and recommenda-
8 tions de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need
9 not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th
10 Cir. 2005).

11  In his Objection to the R&R, Plaintiff has reiterated his reasons against the dismissal of his First
12 Amendment claim, freedom of association, contained in his first Objections to R&R. (Doc. No. 39.)
13 However, in the R&R, Magistrate Judge Major explained that, "by not granting Plaintiff leave to amend
14 his freedom of association claim, Judge Benitez's Order dismissed Plaintiff's freedom of association
15 claim with prejudice." (Doc. No. 55.) As a result, any attempt by Plaintiff to resuscitate his First
16 Amendment claim in his FAC is futile.

17  Second, Plaintiff has objected to the dismissal of his Eight Amendment claim based on the
18 reasons stated in his Opposition to Motion to Dismiss, Doc. No. 53. However, Magistrate Judge Majors
19 disregards the cases on which Plaintiff relies, *Wilkinson v. Austin*, 545 U.S. 209 (2005), *Guizar v.*
20 *Woodford*, 282 Fed. Appx. 551 (9th Cir.2008); and *Snyder v. Archie* (unpublished opinion, filed Feb.2,
21 1998 (N.D. Cal)), as unauthoritative and pertaining instead to the Due Process clause of the Fourteenth
22 Amendment. The Court agrees with this finding. Plaintiff's argument that false accusations against him
23 amount to "cruel and unusual punishment" is without merit because, as the R&R clarifies, they do not
24 pertain to his conditions of confinement. (Doc. No. 55 at 11.)

25  Because Plaintiff has not sought to amend his Fourteenth Amendment claim against Defendants
26 Crabtree, Duarte, Stratton, Bishop, and Tamayo, this Court will not address the validity of such claim
27 here.

28

1   After this Court has reviewed the R&R, it finds it to be correct, and ADOPTS it in full. Defen-
2 dants' motion to dismiss is GRANTED.
3   IT IS SO ORDERED.

5 DATED: October 26, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge