UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA, CDCR #C-26012,<br><br>        Plaintiff,<br><br>v.<br><br>L.E. SCRIBNER, et al.,<br><br>        Defendants. | Case No. 09cv2507-AJB (BLM)<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 69] |

On January 19, 2012, Plaintiff filed his fifth motion to appoint counsel in this case. ECF No. 69; see also ECF Nos. 3, 31, 47, 57. In support, Plaintiff states that he is unable to afford counsel, he lacks any legal knowledge and is almost totally dependent on a fellow inmate whose legal understanding "is at its limit," his status as a segregated inmate severely limits his "access to investigate" in preparation for a jury trial, the issues in the case are complex and his claims are meritorious, and he has been unable to secure counsel despite repeated efforts. Id. at 1-4. Plaintiff states that he "does not ask for appointment of counsel because of lack of diligence . . . but out of a genuine inability to effectively prepare and present his case and claims for pre-trial and trial proceeding." Id. at 6.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted

discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's instant motion includes many of the same arguments he raised in his previous motion for counsel—namely, Plaintiff asserts that the factual and legal complexity of his case, combined with his limited ability to investigate and present his case, warrant the appointment of counsel. Cf. ECF No. 69 at 6-8, with ECF No. 57 at 2-4. However, for the first time, Plaintiff states that he attempted to secure counsel on his own. ECF No. 69 at 1-2, 4-5; see also ECF No. 58 at 3 n.3. Although unsuccessful, Plaintiff's actions demonstrate "a reasonably diligent effort to secure counsel," thereby satisfying a prerequisite some courts have required prior to appointing indigent plaintiffs an attorney. Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

Additional circumstances have changed in this case since September 23, 2011, when the Court denied Plaintiff's most recent motion for counsel. See ECF No. 58. More specifically, this Court's most recent Order denying Plaintiff's motion for appointment of counsel (ECF No. 57) was filed prior to Judge Battaglia's Order granting Defendants' motion to dismiss and requiring Defendants to file an answer (ECF Nos. 59 & 61). Defendants timely filed their Answer (ECF No. 65) and the Court subsequently issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings (ECF No. 66). Thus, although the facts underlying Plaintiff's claims have not changed, the likelihood of this case going to trial has increased. Also, during the course of these proceedings, the Southern District of California adopted, pursuant to General Order No. 596 and 28 U.S.C. § 1915(e)(1), a Plan for the Representation of Pro Se Litigants in Civil Cases.

Furthermore, in the interim between Plaintiff's previous motion for counsel and the instant motion, two particularly relevant decisions have been issued. First, on October 6, 2011, the

California Court of Appeal denied rehearing of its decision granting a petition for writ of habeas corpus for a prisoner who challenged his validation as an associate of the Mexican Mafia prison gang on insufficient evidence grounds. In re Elvin Cabrera, 131 Cal. Rptr. 3d 578 (Cal. Ct. App. 2011).[1]  Similar to Cabrera, one of the key allegations in Plaintiff's case is that prison officials lacked sufficient evidence to validate him as a Mexican Mafia prison gang associate.[2]  See, e.g., ECF No. 50 at 8-11, 22-26.  Second, on September 23, 2011, the Prison Law Office and Bingham McCutchen LLP filed a class action lawsuit in the Eastern District of California demanding that California prison officials stop imposing racially discriminatory lockdowns. Mitchell v. Felker et al., Case No. 2:08cv1196-JAM-EFB, ECF No. 70 (Motion for Leave to File Second Amended Complaint); ECF No. 83 (Order Granting Motion to Amend the Complaint); ECF No. 84 (Second Amended Complaint).[3]  Similar to Felker, one of the key allegations in Plaintiff's case is that prison officials targeted and removed Plaintiff from the general prison population based on his race.  See, e.g., ECF No. 50 at 3-7, 21-26.

Although the Court cannot, at this time, determine whether Plaintiff will succeed on the merits of his case, Plaintiff's claims have repeatedly proven to be sufficient to state a claim for relief, having now survived two rounds of motions to dismiss.  See ECF No. 61.  The unrelated yet exceedingly relevant litigation currently pending in other courts further suggests that Plaintiff's surviving claims are potentially meritorious.  Moreover, the aforementioned cases challenging the constitutionality of California prison gang validation and prison lockdown procedures magnify the factual and legal complexity of Plaintiff's case, thereby magnifying the need for counsel, particularly if this case proceeds to trial.[4]  Based on the foregoing, the Court

---

[1] On December 14, 2011, the California Supreme Court granted Respondents' Petition for Review, but no order has yet been issued.  In re Cabrera, 264 P.3d 822 (Cal. 2011).

[2] Notably, the petitioner in Cabrera received court-appointed counsel.  See 131 Cal. Rptr. 3d at 586.

[3] On November 2, 2011, Defendants filed a motion to dismiss which is still pending.  ECF No. 92.

[4] Because, at least at this stage, Plaintiff's claims seem to involve triable issues of fact, the Court cannot assume that this case will be resolved on a motion for summary judgment.  Compare ECF No. 50 (Plaintiff's First Amended Complaint) with ECF No. 65 (Defendants' Answer, in which they deny Plaintiff's allegations); see also ECF No. 35 at 13-15, 18-26 (outlining the critical yet debatable facts underlying Plaintiff's surviving claims).  Plaintiff also asserts that his case will be marked by conflicting testimony and that such a "credibility contest" necessitates the appointment of counsel.  ECF No. 69 at 8.

finds that the "exceptional circumstances" required for court-appointed counsel are present. See, e.g., Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331. Accordingly, Plaintiff's Motion for Appointment of Counsel is **GRANTED**.

The Court will, in due course, exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and randomly select a volunteer attorney from the Court's Pro Bono Panel to represent Plaintiff during the course of further proceedings before this Court. Once Pro Bono Counsel has been selected, the Court will issue an Order Appointing Counsel.

**IT IS SO ORDERED.**

DATED: February 16, 2012

BARBARA L. MAJOR
United States Magistrate Judge