SEAN T. PROSSER (CA SBN 163903)
SProsser@mofo.com
ARAMIDE O. FIELDS (CA SBN 239692)
AFields@mofo.com
RICK C. LIU (CA SBN 272886)
RickLiu@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile:858.720.5125

Attorneys for Plaintiff
DAVID J. COTA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA, an individual, | Case No. 09-CV-2507-AJB (BLM) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** |
| v. | |
| L.E. SCRIBNER, R. BISHOP, E. DUARTE, J. CRABTREE, M. TAMAYO and G. STRATTON, | **DEMAND FOR JURY TRIAL** |
| Defendants. | Date: May 31, 2013<br>Judge: Honorable Barbara L. Major |
| | [Under Submission] |
| | Date Action Filed: November 6, 2009 |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION.............................................................................. 1

II.     BACKGROUND................................................................................ 2

III.    ARGUMENT ................................................................................... 4

    A.     Defendants and CDCR Should Be Ordered to Produce Relevant
           Documents in Their Custody and Control ........................................... 6

        1.     The Requested Documents are Discoverable ..................... 6

        2.     The Official Information Privilege Does Not Apply.................. 8

             a.     Defendants Failed to Establish a "Substantial
                    Threshold Showing"............................................. 9

             b.     The Benefits of Disclosure of the Requested
                    Documents Far Outweigh Any Potential Risks or
                    Harm ................................................................ 12

        3.     The Requested Documents are Not Protected by
             Defendants' Privacy Rights ................................... 13

        4.     Defendants' Objections that Disclosure Will Affect
             Institutional Safety and Security are Baseless.......................... 14

    B.     Defendants Should Be Ordered to Prepare an Adequate
           Privilege Log ............................................................................ 14

    C.     Defendants Should Be Ordered to Provide Further Responses to
           Plaintiff's Interrogatory Nos. 13 and 14 ........................................... 17

        1.     The Information Sought in the Interrogatories is
             Discoverable ................................................... 18

        2.     The Official Information Privilege Does Not Apply............... 19

        3.     Defendants' Objection that the Safety and Security of
             CDCR will Be Compromised is Baseless ............................... 20

IV.    CONCLUSION ........................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. Woodford*,
  No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS 11004 (E.D. Cal.
  Jan. 30, 2007).................................................................................................. 16

*Bryant v. Armstrong*,
  285 F.R.D. 596 (S.D. Cal. 2012) .............................................................. 8, 12, 19

*Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of
  Mont.*,
  408 F.3d 1142 (9th Cir. 2005) ............................................................................ 5

*Carter v. City of Carlsbad*,
  No. 10cv1072-IEG (BLM), 2011 U.S. Dist. LEXIS 14921 (S.D. Cal
  Feb. 15, 2011)............................................................................................... 6, 12

*Dowell v. Griffin*,
  275 F.R.D. 613 (S.D. Cal. 2011) ..................................................................... 8, 13

*Epstein v. MCA, Inc.*,
  54 F.3d 1422 (9th Cir. 1995) ............................................................................. 5

*Escalante v. City of Delano*,
  No. 1:05cv689 REC DLB, 2006 U.S. Dist. LEXIS 33656 (E.D. Cal. May
  16, 2006).......................................................................................................... 7

*Goolsby v. Carrasco*,
  No. 1:09-cv-01650 JLT (PC), 2011 U.S. Dist. LEXIS 71627 (E.D. Cal.
  Jul. 1, 2011) .......................................................................................... 14, 18, 20

*Hampton v. City of San Diego*,
  147 F.R.D. 227 (S.D. Cal. 1993)............................................................. 6, 9, 13, 15

*In re Imperial Corp. of America v. Shields*,
  174 F.R.D. 475 (S.D. Cal. 1997)...................................................................... 16

*Kassab v. San Diego Police Dep't.*,
  No. 07cv1071 WQH, 2008 U.S. Dist. LEXIS 72619 (S.D. Cal. Sept. 19,
  2008)............................................................................................................... 6

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Kelly v. City of San Jose*,
    114 F.R.D. 653 (N.D. Cal. 1991) ................................................................. passim

*Kerr v. U.S. Dist. Court for the N. Dist. Of Cal.*,
    511 F.2d 192 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976) ................................ 7

*Miller v. Pancucci*,
    141 F.R.D. 292 (C.D. Cal. 1991) ................................................................... 8, 9

*Moss v. Blue Cross and Blue Shield of Kansas, Inc.*,
    241 F.R.D. 683 (D. Kan. 2007) ...................................................................... 7

*Oakes v. Halvorsen Marine Ltd.*,
    179 F.R.D. 281 (C.D. Cal. 1998) ................................................................... 5

*Ramirez v. County of Los Angeles*,
    231 F.R.D. 407 (C.D. Cal. 2005) ................................................................... 13

*Sanchez v. City of Santa Ana*,
    936 F.2d 1027 (9th Cir. 1990) ....................................................................... 8

*Soto v. City of Concord*,
    162 F.R.D. 603 (N.D. Cal. 1995) ............................................................... passim

**STATUTES**

42 U.S.C. § 1985 ................................................................................................ 2

Code § 832 ........................................................................................................ 8

**OTHER AUTHORITIES**

Fed. R. Civ. P.
    Rule 26 ................................................................................... 4, 5, 6, 15, 18
    Rule 33 ................................................................................................. 18
    Rule 37 ................................................................................................. 1

Fed. R. Evid.
    Rule 404 ................................................................................................ 6

1   Pursuant to this Court's Case Management Conference Order (Doc. No. 90)

2   and Rule 37 of the Federal Rules of Civil Procedure, Plaintiff David J. Cota brings

3   this motion to compel further discovery responses by Defendants L.E. Scribner,

4   G. Stratton, J. Crabtree, E. Duarte, M. Tamayo, and R. Bishop ("Defendants").

5   ## I.    INTRODUCTION

6   Plaintiff's motion to compel concerns an unfortunately common discovery

7   problem in inmate civil rights actions:  the refusal to provide discoverable

8   information based on an inappropriate assertion of governmental privileges.

9   Defendants, through their state government counsel, refuse to produce personnel

10  file information (including histories of relevant grievances and complaints filed

11  against them), administrative proceedings or lawsuits involving Defendants, and

12  directly relevant information related to the internal reviews of processes and

13  policies about gang validations of inmates—the very conduct at issue in Plaintiff's

14  case.  Defendants' refusal to produce relevant, discoverable documents and

15  information is impeding Plaintiff's ability to prosecute his case, and that will

16  continue absent this Court's intervention.

17  Defendants refuse to produce relevant documents on the basis of asserted

18  privileges that simply do not apply, particularly in light of the protective order that

19  has been entered in this case (Doc. No. 97).  Although Defendants produced certain

20  complaints and investigations limited to the specific causes of action in Plaintiff's

21  lawsuit, Plaintiff's inability to review other types of complaints and investigations

22  involving Defendants deprives Plaintiff of the ability to fully evaluate Defendants'

23  conduct as employees of the California Department of Corrections & Rehabilitation

24  ("CDCR").  Defendants also produced an inadequate privilege log that does not

25  enable Plaintiff to fairly evaluate Defendants' assertion of privilege (the "Privilege

26  Log").  Moreover, Defendants provided boilerplate objections to the interrogatories

27  at issue.  Defendants' actions put Plaintiff at a clear disadvantage by withholding

28  information that, among other things, may shed light on Defendants' credibility,

1

1   history of conduct with inmates similar to that alleged here, and patterns or

2   practices with respect to violations of inmate rights.

3       Plaintiff asks this Court to grant its motion to compel and order Defendants

4   to provide the documents improperly withheld on the basis of government

5   privilege.  In addition, Defendants should be ordered to provide an adequate

6   privilege log that provides reasonable detail regarding any withheld documents that

7   are not ordered to be produced.  Additionally, Plaintiff asks this Court to order

8   Defendants to provide the information sought in Plaintiff's interrogatories.

9       **II.   BACKGROUND**

10      On November 6, 2009, Plaintiff filed this case alleging that Defendants, who

11  are employees of the CDCR, improperly revalidated Plaintiff as an associate of a

12  prison gang in 2006 while he was at the Calipatria prison ("CAL"), and violated

13  several of Plaintiff's rights in the process.  Plaintiff's Second Amended Complaint

14  filed on October 15, 2012, alleges violations of his rights under the Equal

15  Protection Clause, the First Amendment, and the Fourteenth Amendment of the

16  United States Constitution, and conspiracy pursuant to 42 U.S.C. § 1985.  (Doc.

17  No. 89.)

18      On February 5, 2013, Plaintiff served Defendants with Plaintiff's First Set of

19  Interrogatories and Plaintiff's First Set of Requests for Production by mail.

20  (Declaration of Aramide O. Fields In Support of Plaintiff's Motion to Compel

21  Further Discovery Responses ("Fields Decl.") Exs. A, B.)  Plaintiff's

22  interrogatories included requests for information about grievances, complaints, and

23  civil or criminal charges filed against Defendants in the past ten years, as well as

24  reviews of processes and practices related to gang validations at CAL.  (*Id.* at

25  Ex. A, Interrogatory Nos. 13 and 14.)  Additionally, Plaintiff sought various

26  documents from Defendants including: (1) Defendants' personnel files,

27  (2) documents related to grievances, complaints, and civil or criminal charges filed

28  against Defendants in the past ten years, and (3) documents related to

1   administrative proceedings, arbitrations, or lawsuits to which Defendants have been

2   a party in the past ten years.[1]   (*Id*. at Ex. B, Request for Production Nos. 5, 12, and

3   13.)

4       On March 11, 2013, Defendants served their Responses to Plaintiff's First

5   Set of Interrogatories, their Responses to Plaintiff's First Set of Requests for

6   Production, and their Privilege Log by mail.  (*Id*. at Exs. C-E.)  Defendants

7   objected to the interrogatories and requests for production described above on the

8   grounds of the "official information privilege" and refused to provide substantive

9   responses or produce relevant documents for these requests.  (*Id*.)

10      Defendants' responses were inadequate so Plaintiff initiated a meet and

11  confer process in an attempt to resolve discovery issues.  (*Id*. at ¶ 7.)  On April 3,

12  2013, Plaintiff's counsel sent a meet and confer letter to Defendants' counsel that

13  identified the inadequacies with respect to Defendants' discovery responses.  (*Id*. at

14  Ex. F.)  On April 10, 2013, Defendants' counsel responded to that letter.  (*Id*. at Ex.

15  G.)  On April 15, 2013, the parties filed a joint motion to extend Plaintiff's deadline

16  to file a motion to compel discovery responses from Defendants.  (Doc. No. 107.)

17  On April 16, 2013, this Court granted the parties' joint motion, extending the

18  deadline for Plaintiff to file a motion to compel to May 3, 2013.  (Doc. No. 108.)

19      The parties met and conferred in person on April 17, 2013.  (Fields Decl.

20  ¶ 9.)  On April 19, 2013, Plaintiff's counsel wrote to Defendants' counsel to

21  confirm the substance of their in-person meet and confer, and address remaining

22  issues with Defendants' discovery responses and Defendants' privilege log.  (*Id*. at

23  Ex. H.)  Defendants' counsel responded by letter on April 24, 2013.  (*Id*. at Ex. I.)

24  Counsel asserted that Defendants produced complaints and investigations related to

25  the specific charges against them in this case, but maintained objections for any

26  other subject matters because "they are not reasonably calculated to lead to the

27  _____

[1] Notably, the conduct at issue took place nearly eight (8) years ago.

28

sd-614243

1  discovery of admissible evidence, would violate Defendants' privacy rights, and are

2  protected by the official information privilege."[2]  (*Id.*)  Additionally, Defendants

3  responded that a privilege log is not appropriate "because it would itself reveal

4  privileged information."[3,4]  (*Id.*)  Notably, in order to maintain this Court's

5  scheduling order, Plaintiff recently had to take the depositions of Defendants

6  without the benefit of the information and documents that Defendants continue to

7  withhold.  (*Id.* at ¶ 15.)  Plaintiff has reserved his right to continue those depositions

8  until all responsive information is produced.

9      Defendants' assertion of privilege is inappropriate.  The parties have reached

10  an impasse with respect to several discovery issues.  Thus, Plaintiff files this

11  motion to compel to level the playing field and give Plaintiff access to relevant,

12  discoverable information and documents that Defendants are improperly

13  withholding.

14  **III.   ARGUMENT**

15      Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain

16  discovery regarding any nonprivileged matter that is relevant to any party's claim

17  _____

18  [2] Defendants' counsel has agreed to produce responsive materials in the possession or control of the CDCR without the need for a subpoena and has not withdrawn that representation.  (Fields Decl. ¶ 14.)  If Defendants' counsel

19  withdraws the representation, then Plaintiff will immediately issue any appropriate subpoenas, and avail himself of any other appropriate remedy.

20

21  [3] Defendants' blanket assertion of privilege is particularly suspicious and troubling because <u>Defendants' document production did not include any emails or internal correspondence.</u>  (Fields Decl. ¶ 12.)  Defendants' counsel has stated that

22  neither Defendants nor the CDCR have any non-privileged emails or correspondence, and said he would provide a Custodian of Records declaration

23  stating the same.  (*Id.* at ¶¶ 12-13.)  Nevertheless, no such declaration has been received as of the date of filing this motion and Plaintiff reserves the right to raise

24  this issue at a later date.  (*Id.* at ¶ 13.)  Moreover, such an assertion does not address the emails and correspondence that may be improperly withheld as privileged.

25

26  [4] Plaintiff has taken the depositions of Defendants and did not have the benefit of the information and documents that Defendants continue to withhold.

27  (*Id.* at 15.)  Plaintiff reserved the right to continue each of Defendants' depositions until after Defendants have produced all responsive documents.  (*Id.*)

28

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

or defense." Fed. R. Civ. P. 26(b)(1). The Ninth Circuit has advocated for broad construction of this rule. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (citations omitted) (noting that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth"); *see also Soto v. City of Concord*, 162 F.R.D. 603, 609 (N.D. Cal. 1995) (noting that "[t]he scope of discovery under the Federal Rules is extremely broad" and that "discovery should be allowed unless the information sought has no conceivable bearing on the case."). As the Ninth Circuit has noted, "evasion or resistance to reasonable discovery requests pose significant problems." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (citation omitted) (quotation marks omitted).

Defendants' vague, boilerplate discovery responses are precisely the types of responses the Ninth Circuit has identified as problematic. As the party resisting discovery, Defendants "ha[ve] the burden to show that discovery should not be allowed, and ha[ve] the burden of clarifying, explaining, and supporting [their] objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Defendants have not and cannot meet this burden. Defendants' responses to Plaintiff's discovery requests are inadequate. Defendants have refused to produce certain documents and respond to certain interrogatories on the basis of privileges that do not apply. Defendants have also failed to produce an adequate privilege log for the documents they claim are privileged. The requested discovery includes personnel files, history of grievances and proceedings involving Defendants, and internal reviews of gang validation processes and is central to Plaintiff's ability to present his case against Defendants. Thus, Plaintiff's motion to compel Defendants' further discovery responses should be granted in its entirety.

1
2

**A.    Defendants and CDCR[5] Should Be Ordered to Produce Relevant Documents in Their Custody and Control**

3

Plaintiff's Document Request Nos. 5, 12, and 13 seek materials relevant to

4

this case.  Generally, the documents requested relate to Defendants' personnel files,

5

complaints and grievances against Defendants, and administrative or other

6

proceedings in which Defendants have been involved.  (Fields Decl. Ex. B.)  The

7

privileges Defendants asserted with respect to these requests do not protect the

8

underlying documents from discovery.  Accordingly, Defendants should be

9

required to produce all documents Plaintiff asked for in Request Nos. 5, 12, and 13.

10

**1.    The Requested Documents are Discoverable**

11

Defendants' personnel files and history of grievances and proceedings that

12

Plaintiff seeks in Requests Nos. 5, 12, and 13 are discoverable.[6]  Federal courts

13

routinely order production of such documents in Section 1983 civil rights actions.

14

*See Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993); *Kelly v.*

15

*City of San Jose*, 114 F.R.D. 653, 666, 671 (N.D. Cal. 1991); *Carter v. City of*

16

*Carlsbad*, No. 10cv1072-IEG (BLM), 2011 U.S. Dist. LEXIS 14921, at **13-17

17

(S.D. Cal. Feb. 15, 2011); *Kassab v. San Diego Police Dep't.*, No. 07cv1071 WQH

18

(WMc), 2008 U.S. Dist. LEXIS 72619, at **6-7 (S.D. Cal. Sept. 19, 2008).  Courts

19

have ordered production of documents similar to those requested by Plaintiff.  *See,*

20

21

[5] *See* n.2, *supra*.

22

[6] Evidence need not be admissible to be discoverable.  *See* Fed. R. Civ. P. 26(b)(1).  Evidence of Defendants' grievances, complaints, disciplinary history, and other related documents is admissible under Federal Rule of Evidence 404 to show pattern, preparation, method, and training.  Federal Rule of Evidence 404 provides in pertinent part:

23

24

25

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident."

26

27

Fed. R. Evid. 404(b).

28

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

1    *e.g., Kerr v. U.S. Dist. Court for the N. Dist. Of Cal.*, 511 F.2d 192, 198-99 (9th

2    Cir. 1975), *aff'd*, 426 U.S. 394 (1976) (affirming an order to produce "files,

3    including all personnel files" of CDCR employees); *Escalante v. City of Delano*,

4    No. 1:05cv689 REC DLB, 2006 U.S. Dist. LEXIS 33656, at *8 (E.D. Cal. May 16,

5    2006) (ordering production of documents that "reflect[ed] investigations of

6    complaints against the named defendants for unlawful police harassment, abuse of

7    authority, improper supervisory conduct, related employment guidelines or other

8    civil rights violations," as well as documents regarding "lawsuits … in which …

9    defendants … are identified as the responsible or named employee").

10        Moreover, the personnel files sought in Request No. 5 are reasonably

11   calculated to lead to the discovery of admissible evidence and are relevant to

12   Plaintiff's claims.  The personnel files will likely provide evidence related to

13   Defendants' hiring, training, supervision, and discipline.  Defendants' personnel

14   files may also show that Defendants have a history of discrimination or other

15   misconduct that is consistent with the mistreatment that Plaintiff encountered.

16   Courts have found personnel files to be relevant where, as here, the individual

17   whose file is sought "is alleged to have engaged in the retaliation or discrimination

18   at issue or to have played an important role in the decision or incident that gives

19   rise to the law suit."  *Moss v. Blue Cross and Blue Shield of Kansas, Inc.*, 241

20   F.R.D. 683, 698 (D. Kan. 2007); *see also Kerr*, 511 F.2d at 198-99 (affirming an

21   order to produce "files, including all personnel files" of certain CDCR employees).

22   The requested documents are valuable in helping Plaintiff to develop and present

23   his case and are not available to Plaintiff from other sources.

24        Grievances, complaints, and criminal charges filed against Defendants that

25   Plaintiff seeks in Request No. 12 are relevant and discoverable because they may

26   show a similar pattern of treatment of inmates by Defendants, and may provide

27   evidence with respect to credibility and motive.  They may also assist Plaintiff in

28   finding additional witnesses to support his case.  Documents sought in Request

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

1    No. 13 related to administrative proceedings, arbitration, and lawsuits to which

2    Defendants have been a party in the past ten (10) years may be relevant to

3    Plaintiff's claims for similar reasons and should also be produced.

4         As a result, the Court should order Defendants to produce their personnel

5    files, grievances against Defendants, and proceedings involving Defendants.

6              **2.      The Official Information Privilege Does Not Apply**

7         Defendants are improperly withholding the requested documents on the

8    grounds that they are protected by the official information privilege.[7]  The official

9    information privilege is a qualified privilege against discovery of official

10   information.  *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.

11   1990) (citations omitted) ("Federal common law recognizes a qualified privilege for

12   official information").  The privilege does not apply here.

13        The Ninth Circuit has adopted a balancing test to determine whether

14   documents are protected by the official information privilege.  *See id*.  As the Ninth

15   Circuit has stated, "[C]ourts must weigh the potential benefits of disclosure against

16   the potential disadvantages.  If the latter is greater, the privilege bars discovery."

17   *Id.*; *accord Dowell v. Griffin*, 275 F.R.D. 613, 616 (S.D. Cal. 2011) (citation

18   omitted); *see also Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1991) (noting

19   that the balancing "should be conducted on a case by case basis, determining what

20   weight each relevant consideration deserves in the specific fact situation that is

21   before the court").  In the context of civil rights suits against corrections officials,

22   the analysis should be "'moderately pre-weighted in favor of disclosure.'"  *Bryant,*

23   285 F.R.D. at 604 (quoting *Kelly*, 114 F.R.D. at 66).

24              [7] Defendants also argue the withheld documents are protected by the
     California Penal Code sections 832.7, 832.8, and the California Peace Officer's Bill
25   of Rights.  (Fields Decl. Ex. D.)  They assert the same privileges in interrogatory
     responses.  (*Id.* Ex. C.)  However, it is well-established that "state privilege law
26   does not govern discovery issues in federal § 1983 cases."  *Bryant v. Armstrong*,
     285 F.R.D. 596, 604 (S.D. Cal. 2012) (citations omitted).  Accordingly,
27   Defendants' assertion of any California privileges fails under federal law.

28

1    Before a court engages in the balancing test, however, the asserting party

2    must make a "substantial threshold showing."  *Soto*, 162 F.R.D. at 613 (quoting

3    *Kelly*, 114 F.R.D. at 669).  The asserting party is required to make a threshold

4    showing by submitting a declaration or affidavit "from a responsible official within

5    the agency who has personal knowledge of the principal matters to be attested to in

6    the affidavit or declaration" that includes the following information:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure was made.

16   *Kelly*, 114 F.R.D. at 669-70; *Hampton*, 147 F.R.D. at 230-31 (citation omitted); *see*

17   *Miller*, 141 F.R.D at 300 (listing requirements and noting that above information

18   must come from "the head of the department which has control over the matter").

19   Defendants have failed to establish this "substantial threshold showing."

### a.    Defendants Failed to Establish a "Substantial Threshold Showing"

22   Defendants provided declarations of four CDCR employees in support of

23   their assertion of the official information privilege, but the declarations do not meet

24   the "substantial threshold showing" required to invoke the privilege.  (*See* Fields

25   Decl. Ex. E., Declarations of R. Ambroselli, M. Sigala, S. Garcia, and J. Seyler.)

26   Specifically, the declarations do not meet the threshold requirement because: (1) the

27   declarants do not state that they *personally* reviewed the material in question;

28   (2) they do not identify *specific* governmental or privacy interests threatened by

sd-614243

1  disclosure; (3) they do not address *how* disclosure under a protective order would

2  create a substantial risk of harm; and (4) they do not project *how much* harm would

3  occur from disclosure.  *See Soto*, 162 F.R.D. at 613; *Kelly*, 114 F.R.D. at 670.

4  Because several elements have not been satisfied, the privilege does not apply.

5         First, none of the declarations contains statements that an official has

6  *personally* reviewed the material in question.  The declarations all contain identical

7  language, in which the declarant states, "I am familiar with the personnel records of

8  [named Defendant] . . . ."[8]  (Fields Decl. Ex. E.)  This is not sufficient; the declarant

9  must have personally reviewed the supposedly privileged information rather than

10  have general familiarity with a broad category of documents.

11         Second, none of the declarations provides a *specific* identification of the

12  governmental or privacy interests that would be threatened by disclosure of the

13  material to Plaintiff or Plaintiff's counsel.  The declarations merely contains the

14  rote statement that disclosure "would threaten both governmental and privacy

15  interests" and identify the following general interests: (1) privacy interests; (2) that

16  disclosure would have a negative impact on department disciplinary procedures; (3)

17  that disclosure would have a chilling effect on the willingness of department

18  officers and employees to provide personal information about themselves and their

19  families; (4) that disclosure would have a negative impact on internal

20  investigations; and (5) that disclosure would have a negative impact on taking

21  corrective actions.  These generally stated interests are not specific enough to meet

22  the threshold requirement, just as the court found in *Soto*.[9]  In *Soto*, the court

23  _____

[8] Moreover, the custodians only discuss their knowledge of Defendants'
"personnel records," which is only responsive to Request No. 5.  (Fields Decl. Ex.
E.)  Accordingly, Defendants have not even attempted to provide sufficient
information to invoke the official information privilege for all of the documents
sought in Request Nos. 12 and 13, such as administrative proceedings or lawsuits
that might not be included in Defendants' personnel records.

[9] *See infra* section II(a)(3) discussing the inapplicability of privacy concerns;
*infra* section II(a)(4) discussing the inapplicability of any institutional safety
concerns.

10

1   determined that the defendants' broad assertion that a police department's internal

2   investigation process would be harmed by disclosure did not meet the threshold for

3   invoking the official information privilege. *Soto*, 162 F.R.D. at 614. Similarly, the

4   custodians' failure to describe exactly *how* disclosure would be harmful to

5   particular interests is not sufficient to invoke the privilege.

6          Third, the custodians do not mention a protective order or describe how

7   disclosure under the protective order entered in this case would create a substantial

8   risk of harm. In *Soto*, the Court found the defendants had not met their burden for

9   invoking the official information privilege because they "failed to address how

10  disclosure, under a carefully crafted protective order, would create a substantial risk

11  of harm to significant government interests." *Soto*, 162 F.R.D. at 614. The *Soto*

12  court also found that the defendants failed to show how the disclosure of citizen

13  complaints subject to a protective order would create a substantial risk of harm to

14  governmental or privacy interests where the defendants asserted "that witnesses and

15  officers would not express their views as freely or with as much candor." *Id*. at

16  621. Here, Defendants' failure to address the harm from disclosure under a

17  protective order renders them unable to assert the official information privilege.

18         Fourth, the declarations do not adequately state *how much* harm would result

19  from disclosure. The declarations only state that disclosure "*could* put the

20  employee and the employee's family and others at substantial risk of harm."

21  (Fields Decl. Ex. E.) Relying on conclusory statements, the declarations neither

22  adequately state nor attempt to quantify the amount of harm that would result from

23  disclosure. *See Kelly*, 114 F.R.D. at 672 (noting that defendants cannot meet their

24  burden simply by asserting, without empirical support, that the threatened harm will

25  occur).

26         Furthermore, the declarations do not identify any specific statements or

27  excerpts from the Defendants' personnel files that they believe to be protected by

28  the official information privilege. This complete lack of information is similar to

1   the insufficient information the defendants provided in *Carter*, 2011 U.S. Dist.

2   LEXIS 14921, at **11-12, in which the court found that the defendants did not

3   establish a basis for invoking the privilege.  Here, the fact that each declaration

4   contains nearly identical boilerplate language is a clear signal that Defendants have

5   not truly met this threshold.

6        Because Defendants have not met their initial burden of establishing their

7   "substantial threshold showing," this court must order disclosure of the documents.

8   *See Bryant*, 285 F.R.D. at 604-05 (citations omitted).

9                    **b.        The Benefits of Disclosure of the Requested
                                 Documents Far Outweigh Any Potential Risks
10                               or Harm**

11       Even assuming that Defendants properly asserted the official information

12  privilege—which they have not—and that the privilege applies to this case—which

13  it does not—the potential benefits of disclosure outweigh any potential

14  disadvantages.  *See Soto*, 162 F.R.D. at 613, 617.  This is especially true given that

15  the court granted the parties' joint motion for a protective order.  (Doc. No. 97.)

16  Therefore, any concerns would be protected from disclosure under the order.

17       Here, Plaintiff's access to the material requested in Request Nos. 5, 12, and

18  13 is critical for his civil rights claims.  The requested personnel files and history of

19  grievances and proceedings involving Defendants may show that Defendants have a

20  history of discrimination or other misconduct that is consistent with the

21  mistreatment that Plaintiff encountered.  The information in these documents would

22  also be relevant to a jury's evaluation of Defendants' testimony and Plaintiff's

23  claims.  Defendants' production of these documents is particularly essential because

24  Plaintiff is not able to access this information through any other means.

25  Accordingly, Defendants should be required to produce all responsive documents to

26  Request Nos. 5, 12, and 13.

27

28

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

**3.     The Requested Documents are Not Protected by Defendants' Privacy Rights**

Defendants also improperly assert that the requested documents related to personnel files, grievances, and proceedings involving Defendants are protected by privacy rights.  Though federal courts recognize a constitutionally-based right to privacy that may be raised in response to discovery requests, that right is not absolute.  *See Dowell*, 275 F.R.D. at 617 (citations omitted).  Here, particularly because a protective order is in place, Defendants' right to privacy does not shield responsive documents from discovery.

Similar to the official information privilege, courts conduct a balancing test, "balanc[ing] the need for the requested information against the privacy rights argued by defendants." *Hampton*, 147 F.R.D. at 230.  Moreover, as a court in the Southern District of California noted, "Defendants' privacy concerns may be sufficiently protected with the use of a 'tightly drawn' protective order which specifies that only the Plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to Defendants at the conclusion of the case." *Dowell*, 275 F.R.D. at 617 (citations omitted).

Here, the requested documents will be viewed only by the parties specified in the protective order.  Defendants have not attempted to make any showing why their purported interests or potential harms from disclosure "could not be accommodated with a narrowly tailored protective order." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005).  Without such showing, this Court should not accept Defendants' vague assertions about privacy concerns.

In federal civil rights suits, a plaintiff's need for documents generally outweighs privacy interests with respect to personnel files, complaints, and grievances.  *See Dowell*, 275 F.R.D. at 617 ("Current case law suggests the privacy interests police officers have in their personnel files do not outweigh plaintiff's interests in civil rights cases."); *see, e.g. Ramirez*, 231 F.R.D. at 411 (producing

13

1   citizen complaints and personnel records subject to a protective order and noting

2   that the privacy interest in personnel records "is not substantial, because it is not the

3   kind of 'highly personal' information warranting constitutional safeguard").  Here,

4   Plaintiff's interest in obtaining the information far outweighs any potential risks

5   that could stem from disclosure.  The test also weighs in favor of Plaintiff because

6   the requested documents may shed light on the conduct by Defendants at issue in

7   Plaintiff's case.  Plaintiff has no other means to obtain the requested documents and

8   Defendants' privacy concerns are minimal in light of the protective order.

9
                    **4.      Defendants' Objections that Disclosure Will Affect
                              Institutional Safety and Security are Baseless**
10

11          Defendants' object that Request Nos. 5, 12, and 13 request "confidential

12   information whose disclosure will compromise the safety and security of the

13   California Department of Corrections & Rehabilitation, its staff members, the

14   inmates, and community" but do not explain how.  Defendants cannot merely offer

15   a conclusory objection so as to invoke a particular privilege.  *See, e.g.*, *Goolsby v.*

16   *Carrasco*, No. 1:09-cv-01650 JLT (PC), 2011 U.S. Dist. LEXIS 71627, at *17

17   (E.D. Cal. Jul. 1, 2011) (determining that the defendant's "vague objection" of

18   "[t]his Request seeks documents that, if disclosed, present a threat to the safety and

19   security of the institution" failed to "detail how or why [the sought after document]

20   . . . poses a threat to the internal security of the institution").  Defendants' response

21   is insufficient because it fails to state with particularity *how* institutional security

22   will be affected if certain documents are disclosed.  Defendants have not provided

23   any explanation or information in support of their position.  Instead, Defendants

24   provided nearly identical blanket objections in response to Request Nos. 5, 12, and

25   13.  Accordingly, Defendants should be required to produce all responsive

26   documents.

27

28

sd-614243

**B.      Defendants Should Be Ordered to Prepare an Adequate Privilege Log**

Alternatively, if the Court does not order Defendants to produce all documents in response to Request Nos. 5, 12, and 13, then the Court should order Defendants to provide an adequate privilege log.  Pursuant to Federal Rule of Civil Procedure 26(b)(5),

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).  Defendants' Privilege Log fails to provide an adequate description of the documents withheld so as to enable Plaintiff to assess Defendants' claim of privilege.  *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring a description that "will enable other parties to assess the claim").  Defendants' assertion in their April 24, 2013 letter that they "do not believe a privilege log is appropriate" stands contrary to holdings of this jurisdiction and throughout the Ninth Circuit.  *See Hampton*, 147 F.R.D. at 230 (explaining that the party asserting the official information privilege "must sufficiently identify the documents in a privilege log so as to afford the requesting party an opportunity to challenge the assertion")).  Accordingly, because Defendants asserted the official information privilege for Request Nos. 5, 12, and 13, they should be required to produce a privilege log that complies with Rule 26(b)(5).[10]

---

[10] The same applies to Defendants Responses to Interrogatory Nos. 13 and 14, discussed in section II(C)(3) below.

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

For each document for which Defendants assert a privilege, Defendants must provide:

> 1. The document's general nature and description;
>
> 2. Identity and position of its author;
>
> 3. Date it was written;
>
> 4. Identity and position of all addressees and recipients;
>
> 5. Documents' present location;
>
> 6. Specific reasons it was withheld, that is, privilege invoked and grounds thereof.

*Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 U.S. Dist. LEXIS 11004, at \*\*11-12 (E.D. Cal. Jan. 30, 2007) (citation omitted); *see also In re Imperial Corp. of America v. Shields*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (requiring plaintiff's counsel to produce a privilege log containing "an aggregate listing of the numbers of the withheld documents," "an identification of the time periods encompassed by the withheld documents," and "an affidavit" addressing the attorney-client or work product privilege).  Defendants' Privilege Log fails to provide *any* information about the specific documents withheld and instead refers to the broad categories of documents Plaintiff requested.  This is not sufficient.  The entirety of Defendants' Privilege Log is as follows:

sd-614243

*Cota, David J. v. L. E. Scribner, et al.*
United States District Court, Southern District of California
Case No. 09-CV-2507-BEN (BLM)

**PRIVILEGE LOG FOR DEFENDANTS J. CRABTREE, E. DUARTE,
G. STRATTON, L. SCRIBNER, R. BISHOP, AND M. TAMAYO**

| Discovery Reference | Document Description | Identity of Author/Position | Privilege Claimed | Present Location |
|---|---|---|---|---|
| **Plaintiff's Request for Production of Documents, Set No.: One** | | | | |
| Request No. 5 | Defendants' Entire Employment Personnel File. | Each respective defendant's employment location and Employee Relations Office. | Official information privilege, privacy, safety and security, and confidential information. | RJ Donovan Correctional Facility, Calipatria State Prison, Office of Correctional Safety, and the Office of Personnel Service. |
| Request No. 12 | Copies of grievances, complaints, or criminal charges filed against defendants for the last ten (10) years. | Each respective defendant's employment location, Employee Relations Office, and Internal Affairs. | Official information privilege, privacy, safety and security, and confidential information. | Internal Affairs. |
| Request No. 13 | Copies of all Administrative proceedings, arbitration, and lawsuits to which Defendants have been a party in the past ten (10) years with copies of all deposition and/or testimony transcripts. | Each respective defendant's employment location, Employee Relations Office, and Internal Affairs. | Official information privilege, privacy, safety and security, and confidential information. | Internal Affairs. |

1

First, as is clear from the log above, the descriptions of the documents are grossly insufficient.  Defendants merely copied Plaintiff's First Set of Requests for Production and pasted them into the description column of Defendants' Privilege Log.[11]  Without a more precise description, Plaintiff cannot ascertain whether the withheld documents are in fact privileged.  Second, Defendants' Privilege Log fails to identify the author of any given document and state that author's position.  For example, Defendants state that the author of "Defendants' Entire Employment Personnel File" is "Each respective defendant's employment location and

---

[11] For example, Defendants' Privilege Log describes a category of supposedly privileged documents as "Copies of grievances, complaints, or criminal charges filed against [Defendants] for the last ten (10) years."  (Fields Decl. Ex. E. at 218)  This category is identical to Plaintiff's Request No. 12.  (*Id.* at Ex. B. at 51, 58, 65, 72, 79 and 86.)

17

sd-614243

1    Employee Relations Office."  Defendants do not mention a single name or provide

2    any position for any authors of the withheld documents.  Third, Defendants'

3    Privilege Log fails to specify the date on which a particular document was written

4    or the timespan encompassed by a particular document.  Finally, Defendants'

5    Privilege Log fails to identify and state the position of all addressees and recipients.

6    In fact, Defendants' Privilege Log does not mention a single recipient.  Plaintiff

7    cannot assess whether a particular privilege has been waived or whether the

8    requirements of the privilege have been established without this information.

9         Accordingly, if the Court does not order Defendants to produce the

10   underlying documents, then Defendants should provide an appropriate privilege log

11   that would enable Plaintiff to assess Defendants' claims of privilege.

12
             **C.    Defendants Should Be Ordered to Provide Further
13                   Responses to Plaintiff's Interrogatory Nos. 13 and 14**

14        A party may propound interrogatories relating to any matter about which a

15   party may inquire under Rule 26(b) of the Federal Rules of Civil Procedure.  Fed.

16   R. Civ. P. 33(a).  Upon receipt of a party's interrogatories, the responding party is

17   required to respond "to the fullest extent possible."  *Goolsby*, 2011 U.S. Dist.

18   LEXIS 71627, at *2.

19        Defendants should be ordered to provide further responses to Interrogatory

20   Nos. 13 and 14 of Plaintiff's First Set of Interrogatories.  Interrogatory No. 13

21   requests information about grievances, complaints and charges filed against

22   Defendants.  (Fields Decl. at Ex. A.)  Interrogatory No. 14 seeks information about

23   reviews of process at CAL related to gang validations, including any findings,

24   recommendations, and remedial actions.  (*Id*.)  Rather than providing a specific

25   response for each of these two Interrogatories, Defendants provided nearly

26   identical, boilerplate responses.  (*Id*. at Ex. C.)  Because Defendants have not

27   established that the information sought is covered by any applicable privileges,

28   Defendants should be ordered to provide further responses.

                                    CASE NO. 09-CV-2507-AJB (BLM)
                         PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

1

## 1.     The Information Sought in the Interrogatories is Discoverable

The information sought in Interrogatory No. 13 is relevant because the answer will lead to Plaintiff's understanding of the existence of all grievances, complaints, civil or criminal charges filed against Defendants.[12]  The information could be relevant to issues of Defendants' credibility, the motivation of each Defendant, and mistreatment of inmates that sheds light on Plaintiff's claims.  The answer may also lead to the discovery of additional witnesses.

The information sought in Interrogatory No. 14 is relevant because it could provide Plaintiff with an understanding of any reviews or analyses of gang validation processes at CAL, which could be relevant to Plaintiff's claims that Defendants deprived Plaintiff of due process and improperly validated him as an associate of a prison gang.  Moreover, the information sought could identify particular programs and courses of action implemented at CAL to improve the gang validation process, thereby enabling Plaintiff to determine whether a particular Defendant's conduct followed such plan.  The information sought could be an integral component to Plaintiff's claims.

## 2.     The Official Information Privilege Does Not Apply

As discussed above in relation to Plaintiff's document requests, the official information privilege does not apply because Defendants have failed to comply with the procedural requirements for asserting the official information privilege.  *See Bryant*, 285 F.R.D. at 604.  In order to invoke the privilege for interrogatories, "an appropriately delegated prison official must personally consider the material requested and explain why it is not privileged."  *See Bryant*, 285 F.R.D. at 604 (quoting *Williams v. Walker*, No. CIV S-07-2385 WBS GGH P, 2009 U.S. Dist.

---

[12] This interrogatory overlaps with the documents Plaintiff sought in Request No. 12 for which Defendants have provided a nearly identical boilerplate response. (Fields Decl. Ex. C.)

CASE NO. 09-CV-2507-AJB (BLM)
PLAINTIFF'S MPA ISO MTC FURTHER RESPONSES

sd-614243

LEXIS 122970, at **24-26 (E.D. Cal. Dec. 22, 2009)).  Nowhere in their Responses to Plaintiff's Interrogatories, Defendants' correspondence, or Defendants' Privilege Log do Defendants establish that an appropriately delegated prison official considered all grievances, complaints, civil or criminal charges filed against Defendants.  Similarly, Defendants do not claim that anyone reviewed all internal investigations or other reviews of processes and practices regarding gang validations.  Even if they had, Defendants would not be able to meet the substantial threshold showing detailed above.  Therefore, the privilege does not apply.

Moreover, Defendants have not demonstrated why the protective order granted by this Court would not be sufficient to protect against any harms associated with disclosure of the requested information.  Because a generalized claim of harm is insufficient to satisfy the objecting party's burden, *see Kelly*, 114 F.R.D. at 672, Defendants must disclose the information requested in Interrogatory Nos. 13 and 14.

### 3. Defendants' Objection that the Safety and Security of CDCR will Be Compromised is Baseless

Defendants object that Interrogatory Nos. 13 and 14 seek "confidential information whose disclosure will compromise the safety and security of the California Department of Corrections & Rehabilitation, its staff members, the inmates, and community" but do not explain how.  Defendants cannot merely provide a conclusory objection to invoke a particular privilege.  *See, e.g.*, *Goolsby*, 2011 U.S. Dist. LEXIS 71627, at *17 (determining that a defendant's "vague objection" that "[t]his Request seeks documents that, if disclosed, present a threat to the safety and security of the institution" failed to "detail how or why [the requested document] . . . poses a threat to the internal security of the institution").

1    Defendants' blanket assertions are unavailing.  Accordingly, Defendants should be

2    required to provide further responses to Interrogatory Nos. 13 and 14.[13]

3         **IV.    CONCLUSION**

4         For the foregoing reasons, Plaintiff respectfully requests that the Court order

5    Defendants to produce all documents responsive to Requests for Production Nos. 5,

6    12, and 13; or in the alternative, to provide an adequate Privilege Log that allows

7    Plaintiff to evaluate Defendants' assertion of privilege; and provide the information

8    requested in Interrogatory Nos. 13 and 14.

9

10   Dated:  May 3, 2013                    MORRISON & FOERSTER LLP

11

12                                         By:  _____/s/ Aramide O. Fields_____
                                                Aramide O. Fields
13
                                               Attorneys for Plaintiff
14                                             DAVID J. COTA

15

16

17

18

19

20

21

22

23

24

_____

25        [13] Moreover, if Defendants are required to provide responses to Interrogatory
     Nos. 13 and 14, then they must also produce documents relevant to their responses
26   in accordance with Plaintiff's Request for Production No. 15 which asks for:  "All
     documents identified in your responses to Plaintiff's First Set of Interrogatories."
27   (Fields Decl. Ex. B.)

28

sd-614243

**<u>CERTIFICATE OF SERVICE</u>**

I, Aramide O. Fields, hereby certify that on May 3, 2013, I caused to be electronically filed a true and correct copy of the attached **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** with the Clerk of the Court using CM/ECF.


Dated:  May 3, 2013                      MORRISON & FOERSTER LLP


                                         By:   ___/s/ Aramide O. Fields____
                                         Attorneys for Plaintiff David J. Cota
                                         Email:  AFields@mofo.com

sd-614243