UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. COTA,<br><br>            Plaintiff,<br><br>v.<br><br>L.E. SCRIBNER, et al.,<br><br>            Defendants. | Case No. 09cv2507-AJB (BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM DEFENDANTS**<br><br>[ECF No. 109] |

      On October 15, 2012, Plaintiff David Cota, a state prisoner who is represented by counsel, filed a Second Amended Complaint[1] ("SAC") against the warden at Calipatria State Prison, L.E. Scribner, and five officers, R. Bishop, J. Crabtree, E. Duarte, G. Stratton, and M. Tamayo (collectively "Defendants") for improperly revalidating Plaintiff as an associate of the Mexican Mafia prison gang. ECF No. 89. Specifically, Plaintiff's SAC alleges violations of his civil rights under the Equal Protection Clause, the First Amendment, and the Fourteenth Amendment, and a separate claim for conspiracy under 42 U.S.C. § 1985. Id. On February 5, 2013, Plaintiff

---

[1] Plaintiff initially filed this lawsuit pro se on November 6, 2009. ECF No. 1. On October 12, 2012, after the Court appointed Plaintiff pro bono counsel, Plaintiff filed his SAC which included a newly-added cause of action alleging that Defendant Scribner violated his equal protection rights by imposing a discriminatory prison lockdown on Hispanic inmates. SAC at 18. On October 29, 2012, Defendant Scribner filed a Motion to Dismiss Plaintiff's equal protection claim on the grounds that it did not relate back to the filing of Plaintiff's initial complaint, was time barred by the statute of limitations, and did not allege sufficient facts to support equitable tolling. ECF No. 91. On January 28, 2013, this Court issued a Report and Recommendation for an order granting Defendants' motion to dismiss. ECF No. 96. On February 19, 2013, District Judge Anthony J. Battaglia adopted in full this Court's Report and Recommendation and dismissed the first cause of action alleged in Plaintiff's SAC. ECF No. 101.

propounded his First Set of Interrogatories and his First Set of Requests for Production on Defendants.[2] On March 11, 2013, Defendants served their responses to both sets of discovery and also produced a privilege log. Defendants objected[3] to the interrogatories and document requests on the grounds that they are overbroad and are subject to the "official information privilege," and refused to provide substantive responses or produce relevant documents. ECF No. 109 at 7. On May 3, 2013, after meeting and conferring, and after reaching an impasse, Plaintiff filed a Motion to Compel further responses to Requests for Production Nos. 5, 12 and 13, and Interrogatories Nos. 13 and 14. ECF No. 109 ("Pl.'s Mot."). Id. On May 17, 2013, Defendants filed their opposition to the motion. ECF No. 111 ("Def.'s Opp'n."). Plaintiff filed his reply on May 24, 2013 and the Court took the matter under submission pursuant to Local Rule 7.1(d)(1). ECF No. 112 ("Pl.'s Rep."). Having considered the briefing submitted by the parties and having reviewed all of the supporting exhibits, the Court **GRANTS** Plaintiff's motion in part for the reasons set forth below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is also no requirement that the information sought directly relate to a particular issue in the case; rather, relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 (1978) (citation omitted). District courts have broad

---

[2] Plaintiff served identical discovery requests on each of the six named Defendants, and each Defendant provided identical responses. Accordingly, for purposes of resolving this discovery dispute, the Court will refer to Defendants' responses collectively.

[3] With the exception of Requests for Production No. 16 and Interrogatory No. 12, Defendants objected to all of Plaintiff's discovery requests and produced responsive documents subject to the existing protective order.

discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

     A party may serve interrogatories that relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a).  "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b).  Similarly, a party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  However, actual possession, custody or control is not required; rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document."  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995).

     Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26.  Soto, 162 F.R.D. at 610.  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections."  DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

/ / /

/ / /

/ / /

## DISCUSSION

The disputed discovery requests[4] generally seek information related to Defendants' personnel records, administrative grievances and lawsuits filed against Defendants, and any internal reviews of the California Department of Corrections and Rehabilitation's ("CDCR") gang validation process. Pl.'s Mot., Exhs. A-D. Defendants objected to each of the disputed discovery requests on the grounds that the request is overbroad and the information sought is subject to the official information privilege, and invades Defendants' right to privacy and confidentiality. Id. Defendants also produced a privilege log, which Plaintiff contends is inadequate. Id., Exh. E. In his motion to compel, Plaintiff argues that the information sought by the disputed discovery requests is relevant to his claims relating to his gang validation, and that the official information privilege asserted by Defendants does not apply. Id. at 8-14. Specifically, Plaintiff contends that the information sought "may [] show that Defendants have a history of discrimination or other misconduct that is consistent with the mistreatment that Plaintiff encountered," and that Defendants have failed to make a "substantial threshold showing" required to invoke the official information privilege. Id. In addition, Plaintiff contends that Defendants' privilege log is inadequate because it fails to provide "any information about the specific documents withheld." Id. at 20.

In their opposition, Defendants state that they have "produced all complaints, investigations, and grievances in Defendants' personnel files related to allegation (sic) of improper gang validations, racial discrimination, conspiracy, or retaliation."[5] Defs.' Opp'n. at 8-10. Defendants also state that they produced a list of all current lawsuits against them. Id. Furthermore, Defendants argue that Plaintiff had access to this information during his deposition of Defendants, where Plaintiff's counsel questioned Defendants, without objection, about their job history, training, and grievances filed against them. Id. at 10.

To the extent that the disputed discovery requests seek information not related to the

---

[4] Unless specifically noted, "disputed discovery requests" refers to Requests for Production Nos. 5, 12, and 13, and Interrogatories 13 and 14.

[5] In their opposition, Defendants identify nine documents that were produced to Plaintiff, including an internal affairs investigation relating to a racial discrimination complaint, and eight staff inquiries into various inmate or parolee complaints made against Defendants. Defs.' Opp'n. at 8-9.

allegations in Plaintiff's SAC, Defendants argue that this information is subject to the official information privilege and is not subject to discovery. Defs.' Opp'n. at 6-11. Defendants state that they "served four separate declarations which met the requirements of [Kelly v. City of San Jose, 114 F.R.D. 669-70 (N.D. Cal. 1995)]"[6] to make a "substantial threshold showing" that the responsive documents are subject to the official information privilege. Id.

In his reply, Plaintiff argues that Defendants' declarations are inadequate to support a "substantial threshold showing" because they fail to describe how disclosure in light of the existing protective order would create a substantial risk of harm to any governmental or privacy interest. Pl's. Rep. at 7; see infra at fn. 6. Plaintiff also argues that Defendants' declarations fail to state that the agency official personally reviewed the material sought by the disputed discovery requests. Id.

**1.      Requests for Production of Documents**

Request for Production No. 5

Request for Production ("RFP") No. 5. seeks "all documents in [Defendants'] employment personnel file[s]..." As an initial matter, this request is overbroad. While Defendants' personnel files likely contain relevant documents, they also likely contain irrelevant and confidential information, such as Defendants' medical, insurance, or other personal information and documents relating to issues other than those at issue in this case. Accordingly, Plaintiff's request is granted only to the extent it seeks the following types of documents: (1) documents concerning Defendants' employment history with CDCR, such as dates, positions, and locations or departments of employment, (2) documents related to trainings and certifications, (3) honors, awards or commendations, (4) complaints or grievances filed against Defendants in which the allegation involves gang validation or re-validation, discrimination, retaliation or conspiracy, and

---

[6] In Kelly, the District Court held that a party asserting the official information privilege must first make a "substantial threshold showing" that the privilege applies by submitting a declaration "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the [declaration]." The declaration must include the following information: "(1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality []; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if the disclosure was made. Kelly, 114 F.R.D. at 669-70.

(5) any information relating to Plaintiff or his claims.  The Court finds that Plaintiff's additional request for complaints against "employees under [Defendants'] supervision" is overbroad and seeks irrelevant information and therefore Defendants do not have to produce any documents relating to employees under their supervision.

Defendants claim that they produced all documents relating to complaints or grievances alleged against Defendants relating to gang validations, discrimination, retaliation, and conspiracy. Def's. Opp'n. at 10.  To the extent that Defendants have not produced all documents responsive to the five categories set forth above, they must do so no later than **July 5, 2013**.

Request for Production Nos. 12 and 13

RFP No. 12 seeks "[a]ll documents relating to grievances, complaints, or criminal charges filed against [Defendants], including but not limited to lawsuits that have been filed against [Defendants] in the last ten (10) years."  Similarly, RFP No. 13 seeks "[a]ll documents relating to any administrative proceeding, arbitration, and lawsuit to which [Defendants] have been a party in the past ten (10) years, including but not limited to, transcripts from any depositions and/or testimony [Defendants] have given." These requests are overbroad, unduly burdensome, and exceed the scope of Plaintiff's claims.  As written, the requests include irrelevant actions such as civil lawsuits filed against Defendants involving unrelated claims such as car accidents or foreclosures, and proceedings initiated by Defendants for similarly unrelated claims.  Plaintiff is not entitled to such information.

Plaintiff is, however, entitled to the types of requested documents to the extent the documents concern Plaintiff or the instant case, allegations similar to the claims at issue in this case, and/or Defendants' honesty or credibility.[7]  The facts supporting the claims alleged in the SAC occurred between approximately 2005-2007 (see ECF No. 89 at 3-17) so the Court finds the requested time frame of ten years (2003-present) reasonable.  Accordingly, Defendants are required to produce to Plaintiff by **July 5, 2013** all documents generated during or after 2003

---

[7] Plaintiff also argues that these requests should include documents that "may shed light on a Defendants' motive to act a certain way or may provide further information as to patterns or practices involving prison policies and procedures that are relevant to the instant case." Pl.'s Rep. at 6.  This explanation is vague and overbroad.  Accordingly, the Court does not require Defendants to produce additional documents potentially covered by this definition.

relating to complaints, grievances, criminal charges, administrative proceedings or lawsuits filed against Defendants alleging or asserting claims similar to the ones at issue in this case (gang validation or re-validation, discrimination, retaliation, or conspiracy), involving Plaintiff or the claims asserted in this case, or issues that relate to or reflect on Defendants' honesty or credibility.  To the extent Defendants seek to produce only complaints or grievances which resulted in a true finding or discipline against the officer (Def.'s Opp'n. at 16), Defendants' request is denied. Defendants must produce the identified documents, regardless of the outcome of any such complaint or grievance.

As noted above, Defendants claim that they produced all documents relating to complaints or grievances involving gang validations, discrimination, retaliation, and conspiracy. Def's. Opp'n. at 10.  Defendants also state that they identified and produced a list of all current lawsuits against them relating to Plaintiff's claims. Id. at 8. To the extent that Plaintiff seeks lawsuits filed against Defendants, this information is publically available to Plaintiff.  Accordingly, if Defendants have produced or do produce a list of all of the relevant lawsuits filed against Defendants, including the case name and number and district or court where the case is filed, then Defendants are not required to provide the relevant documents filed in those cases.

**2.   Interrogatories**

Interrogatory No. 13

Interrogatory No. 13 requires Defendants to identify all grievances, complaints, and civil or criminal charges filed against them in the last ten years.  For the reasons set forth in the section addressing RFP Nos. 12 and 13, this request is overbroad. Accordingly, Defendants must answer this interrogatory using the same limitations applied to RFP Nos. 12 and 13: all grievances, complaints, and civil or criminal charges filed against Defendants which involve allegations made by Plaintiff, allegations similar to the claims at issue in this case, or issues affecting or involving Defendants' honesty or credibility.  To the extent Defendants need to supplement or amend this response, they must do so by **July 5, 2013.**

Interrogatory No. 14

Interrogatory No. 14 requires Defendants to "describe all review of processes or practices,

including any internal investigations, at [Calipatria State Prison] relating to gang validations, including any findings, recommendations, and remedial actions." Defendants state that they produced "the portions of the Department Operations Manual related to gang validation, all documents used in training officers regarding gang validation, and all staff inquiries into the Defendants' validations of other inmates as gang members and gang associates." Defs.' Opp'n. at 23. Defendants further claim that "there are no other documents" and that they have produced all responsive information. Id. Plaintiff argues that Defendants' response is insufficient. Pl's. Rep. at 9. Specifically, Plaintiff argues that Defendants have "not described any review of processes or practices, [and] have only stated that there are no other responsive documents." Id. The Court agrees that Defendants' response is insufficient. Although Defendants apparently have produced documents relating to gang validation training, they have not described any review or investigation of the gang validation procedure(s) at Calipatria State Prison. Accordingly, Defendants must provide a further response to Interrogatory No. 14 describing any review of the gang validation procedure(s) utilized at Calipatria State Prison no later than **July 5, 2013**.

**3.     Official Information Privilege and Privilege Log**

Defendants argue that they have made a "substantial threshold showing" to withhold documents under the official information privilege. Def's. Opp'n. at 19-21. In support, Defendants produced a privilege log and four supporting declarations.[8] The Court finds that the privilege log and supporting declarations produced by Defendants are inadequate. To invoke the official information privilege, the government must provide declarations establishing five elements. See Kelly, 114 F.R.D. at 669-70; supra at n. 6. Here, the declarations fail to adequately address requirements 3-5. Specifically, they do not acknowledge that a protective order exists to protect documents produced in this case and they fail to identify any specific governmental or privacy interests that would be harmed if the requested information is disclosed, especially pursuant to the protective order. Moreover, the declarants fail to state that he or she personally reviewed the material in question, as required by element 2. Finally, the privilege log

---

[8] See Pl's. Mot., Exh. E, Declarations of R. Ambroselli, M. Sigala, S. Garcia, and J. Seyler.

is totally inadequate in that it fails to identify any specific document or material withheld and merely parrots the categories of documents requested by Plaintiff's discovery requests. This complete lack of specificity undermines Defendants argument that they satisfied the Kelly test because it indicates that they have not collected all responsive documents, carefully reviewed them, individually evaluated the potential threat or harm due to disclosure, and then identified which documents were protected by the official information privilege. Accordingly, the Court finds that Defendants have failed to make a "substantial threshold showing" as a basis for withholding documents under the official information privilege and therefore Defendants may not withhold any documents pursuant to this privilege. Responsive documents may, of course, be produced pursuant to the protective order.

If Defendants continue to withhold documents based on any other privilege, such as the attorney-client privilege, they must redact the portion(s) of each document which they claim is privileged, and produce the redacted documents to Plaintiff no later than **July 5, 2013**. If any documents or portions of documents are withheld based on a privilege other than the official information privilege, Defendants must produce to Plaintiff a comprehensive privilege log containing at a minimum a description of each document sufficient to justify the asserted privilege, the date of the creation or modification of the document, the name and position of the document's author and recipient(s), and the specific privilege asserted. This privilege log must be produced no later than **July 5, 2013**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is **GRANTED** in part. Accordingly, no later than **July 5, 2013**, Defendants must produce the following to Plaintiff:

- All documents in Defendants' personnel files relating to Defendants' employment history with CDCR, such as (1) dates, positions, and locations or departments of employment, (2) trainings and certifications, (3) honors, awards or commendations, (4) complaints or grievances filed against Defendants related to Plaintiff's claims, and (5) information relating to Plaintiff or his claims.
- All documents generated during or after 2003 relating to complaints, grievances,

criminal charges, administrative proceedings or lawsuits filed against Defendants alleging or asserting claims similar to the ones at issue in this case (gang validation or re-validation, discrimination, retaliation, or conspiracy), involving Plaintiff or the claims asserted in this case, or issues that relate to or reflect on Defendants' honesty or credibility.

- A supplemental response, if necessary, to Interrogatory No. 13, identifying all grievances, complaints, and civil or criminal charges filed against Defendants which involve allegations made by Plaintiff, allegations similar to the claims at issue in this case, or issues affecting or involving Defendants' honesty or credibility.

- A further response to Interrogatory No. 14 describing any review of the gang validation procedure at Calipatria State Prison.

- If Defendants continue to withhold documents based on any privilege other than the official information privilege, Defendants must redact the privileged portions of each document and produce the redacted documents to Plaintiff.  In addition, if Defendants contend that an entire document is privileged, they must produce to Plaintiff a comprehensive privilege log containing at a minimum a description of each document sufficient to justify the asserted privilege, the date of the creation or modification of the document, the name and position of the document's author and recipient(s), and the specific privilege asserted.

**IT IS SO ORDERED.**

DATED: June 21, 2013

_____
BARBARA L. MAJOR
United States Magistrate Judge